UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01813-SVW-JC | Date | April 17, 2013 |
|---|---|---|---|
| Title | Nadia Mendoza v Associated Newspapers LTD., et al. | | |

## JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**    IN CHAMBERS ORDER Re JURISDICTION

On January 30, 2013, Plaintiff Nadia Mendoza ("Plaintiff") filed her complaint in Los Angeles County Superior Court alleging breach of contract, wrongful termination, and several violations of California's Labor Code against defendant Associated Newspapers LTD ("ANL"), defendant Mail Media, Inc. ("Mail Media"), and fictitious defendants. (Mail Media's Notice of Removal ("NOR") Ex. A ("Compl.")). On March 13, 2013, Mail Media removed the case, asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. For the reasons set forth below, the Court REMANDS this action to the Los Angeles County Superior Court of California.

**I.    INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff, although domiciled and residing in California, is a British citizen. (Compl. ¶ 1). Mail Media is a Delaware corporation doing business in California, (Compl. ¶ 3), and has its principal place of business in New York. (Compl. ¶ 3; NOR ¶ 15). ANL is a private British limited company organized under the laws of the United Kingdom. (NOR ¶ 16).

**II.    DISCUSSION**

The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986). "The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332." Arbaugh v. Y&H Corp., 546

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01813-SVW-JC | Date | April 17, 2013 |
|---|---|---|---|
| Title | Nadia Mendoza v Associated Newspapers LTD., et al. | | |

U.S. 500, 513 (2006).  Section 1331 provides for "federal-question" jurisdiction; Section 1332, "diversity jurisdiction."  Absent one, the other is required for the court to have subject matter jurisdiction.  Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429 (1987).  In its notice of removal, Mail Media asserted only that this Court has jurisdiction pursuant to Section 1332, diversity jursidction.

### A.     Diversity Jurisdiction

Section 1332(a) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between: (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state . . . ."  Under Section 1332, a person is a "citizen" of a state only if he or she is *both* a citizen of the United States, *and* domiciled in an American state.  See Lew v Moss, 797 F.2d 747, 749 (9th Cir. 1986) (emphasis added); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090-91 (9th Cir. 1983).  Moreover, district courts lack diversity jurisdiction where there are "foreign citizens on both sides of the case."  See Infuturia Global Ltd. v. Sequus Pharmaceuticals, Inc., 631 F.3d 1133, 1137 (9th Cir. 2011); see also 13E CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3604 (3d ed. 1998) ("[F]ederal courts throughout the nation consistently have denied subject matter jurisdiction over suits between aliens[.]") .  Aliens may be "additional parties" to lawsuits between citizens of different states, 28 U.S.C. § 1332(a)(3), but this does not support jurisdiction when an alien *alone* sues both a citizen defendant and an alien co-defendant.  Faysound Ltd. v. United Coconut Chems., Inc., 878 F.2d 290, 294 (9th Cir. 1989).

Here, there are foreign citizens "on both sides of the case."  Defendant ANL is a private corporation organized under the laws of the United Kingdom.  Moreover, Plaintiff is a British citizen.  Thus, this Court lacks jurisdiction over the instant action.  Moreover, the presence of an American citizen—Mail Media—as an additional defendant does not alter the conclusion that this Court lacks jurisdiction under Section 1332.  See Craig v. Atlantic Richfield Co., 19 F.3d 472, 476 (9th Cir.1994) (holding that Section 1332 does not confer jurisdiction where a "case involve [s] a single foreign plaintiff ... and numerous foreign defendants (in addition to U.S. defendants)").

In its notice of removal, Mail Media concluded that "Plaintiff is a citizen of the state of California," apparently on the basis that Plaintiff is domiciled in California.  (NOR ¶ 17).  However, the mere fact that Plaintiff is *domiciled* in California does not make her a *citizen* of the United States: in

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer | PMC |  |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-01813-SVW-JC | Date | April 17, 2013 |
|---|---|---|---|
| Title | Nadia Mendoza v Associated Newspapers LTD., et al. | | |

order to be a "citizen" of California for diversity jurisdiction purposes, Plaintiff must first be a citizen of the United States. See Kantor, 704 F.2d at 1090; Brown v. Keene, 33 U.S. 112, 115 (1834) (holding that merely asserting a plaintiff's domicile does not "aid in the defective description" of citizenship). Furthermore, the allegation that Plaintiff resides in Marina Del Rey offers no additional support that Plaintiff is a U.S. citizen. See Seven Resorts v. Cantlen, 57 F.3d 771, 774 (9th Cir. 1995) ("[F]or purposes of diversity, residence and citizenship are not the same thing."). Because both Plaintiff and one of the defendants are aliens, this is a suit "between aliens," and this Court lacks jurisdiction under Section 1332.

### III.   CONCLUSION

For the reasons put forward in this Order, the Court REMANDS this action to the Los Angeles County Superior Court of California.

:

Initials of Preparer        PMC